UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

CARL KAISER,

                                                         Plaintiffs,      **COMPLAINT AND**
                                                                                **JURY DEMAND**
            -against-

THE CITY OF NEW YORK, JOHN DOE POLICE      DOCKET # 14CV5731
OFFICERS ##1-4, JOHN DOE OFFICIALS OF NYPD
RESPONSIBLE FOR THE WARRANT STATUS OF
CARL KAISER ##1-10,

                                                                                ECF CASE

                                                            Defendants.

------------------------------------------------------------------- x

## PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiff seeks relief for the violation of his rights secured by 42 USC §1983, §1988 and the Fourth and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of New York.

2. The claim arises from a July 10, 2013 incident in which Officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiff to, among other things, unlawful stop and search, false arrest and excessive force.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC §1331, 42 USC §1983, and the Fourth and Fourteenth Amendments to the United States Constitution. Pendent party jurisdiction is asserted.

5. The amount in controversy exceeds $75,000.00 excluding interest and costs.

6. Venue is laid within the United States District Court for the Eastern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## PARTIES

7. Plaintiff Carl Kaiser is a citizen of the United States and at all times here relevant residing in the City and State of New York.

8. The City of New York is a municipal corporation organized under the laws of the State of New York.

9. All other defendants were at all times here relevant employees of the NYPD, and are sued in their individual and official capacities.

10. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL ALLEGATIONS

11. On July 10, 2013, at approximately 7:00 PM, plaintiff was driving his car and pulling into a legal parking spot in the vicinity of the corner of Christopher and Pitkin Avenue. He exited his car and was going to see his girlfriend when an apparently unmarked police car quickly drove up and defendant police officers exited the vehicle.

12. One of the officers said "I have some jewelry for you, bracelets" and handcuffed Plaintiff without probable cause. He was put into a police van containing two women under arrest. The women told the officers in the van that plaintiff "was not him", to which the police officers responded "we don't listen to crack heads."

13. He was charged with a felony and held for six days. The case was presented to a Kings County Grand Jury, which voted no true bill. Plaintiff denies that he committed any crime.

14. However, Plaintiff was held an additional day. He was told he had a warrant. Plaintiff denies that he had a warrant and indeed, was released the next day.

15. At all times during the events described above, the defendant police officers were engaged in a joint venture and formed an agreement to violate plaintiff's rights. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

16. During all of the events above described, defendants acted maliciously and with intent to injure plaintiff.

17. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

    a. Violation of his rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of his person;

    b. Violation of his right to Due Process of Law under the Fourteenth Amendment to the United Stated Constitution;

    c. Economic and special damages, emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, and anxiety;

    d. Loss of liberty.

## **FIRST CAUSE OF ACTION**
(42 USC § 1983 -- FALSE ARREST AND FALSE IMPRISONMENT)

18. The above paragraphs are here incorporated by reference.

19. Defendants acted under color of law and conspired to deprive plaintiff of his civil, constitutional and statutory rights to be free from unreasonable search and seizure, specifically, plaintiff's right to be free from false arrest and false imprisonment.

20. Defendants did not have probable cause to believe plaintiff had committed any crime.

21. Plaintiff was aware of his confinement and did not consent.

22. Defendants violated plaintiff's rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and are liable to plaintiff under 42 U.S.C. §§1983.

23. Plaintiff has been damaged as a result of defendants' wrongful acts.

## SECOND CAUSE OF ACTION
(42 USC § 1983 – MALICIOUS PROSECUTION)

24. The above paragraphs are here incorporated by reference.

25. Defendants acted under color of law and conspired to deprive plaintiff of his civil, constitutional and statutory rights to be free from unreasonable search and seizure, specifically, plaintiff's right to be free from malicious prosecution.

26. Defendants did not have probable cause to believe plaintiff had committed any crime.

27. Defendants acted with malice in initiating a prosecution against plaintiff.

28. The charged were resolved in favor of plaintiff.

29. Defendants violated plaintiff's rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and are liable to plaintiff under 42 U.S.C. §§1983.

30. Plaintiff has been damaged as a result of defendants' wrongful acts.

## THIRD CAUSE OF ACTION
(FALSE ARREST AND FALSE IMPRISONMENT)

31. The above paragraphs are here incorporated by reference.

32. Defendants subjected plaintiff to false arrest, false imprisonment, and deprivation of liberty without probable cause.

33. There was no reasonable expectation of successfully prosecuting plaintiff.

34. Plaintiff was aware of his confinement and did not consent.

35. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiffs under common law, 42 USC §1983 and the New York State Constitution.

36. Plaintiffs were damaged by the false arrest, imprisonment, and deprivation of liberty caused by defendants.

### FOURTH CAUSE OF ACTION
(MALICIOUS PROSECUTION)

37. All preceding paragraphs are here incorporated by reference.

38. Defendants, acting with malice, initiated a prosecution against plaintiff and caused him to be prosecuted.

39. The criminal proceedings were terminated favorably to defendant.

40. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under 42 USC §1983, New York State common law, and the New York State Constitution.

41. As a result of the malicious prosecution implemented by defendants, plaintiff was damaged.

### FIFTH CAUSE OF ACTION
(CONSPIRACY)

42. The above paragraphs are here incorporated by reference.

43. Defendant officers made an agreement to attempt to cover up the assault, battery and

excessive force against plaintiffs.

44. Defendant Officers took action in furtherance of this agreement by charging plaintiffs with resisting arrest.

45. Plaintiffs were injured as a result of defendants' conspiracy.

## SIXTH CAUSE OF ACTION
(RESPONDEAT SUPERIOR)

46. The preceding paragraphs are here incorporated by reference.

47. Defendants' intentional tortious acts were undertaken within the scope of their employment by defendant City of New York and in furtherance of the defendant City of New York's interest.

48. As a result of defendants' tortious conduct in the course of their employment and in furtherance of the business of defendant City of New York, plaintiffs were damaged.

## SEVENTH CAUSE OF ACTION
(NEGLIGENCE)

49. The preceding paragraphs are here incorporated by reference.

50. Defendants knew of should have known that plaintiff did not have a warrant against him.

51. Despite such knowledge, defendants negligently caused plaintiff to be held against his will based on a non-existent warrant or a warrant that was or should have been vacated.

52. Defendants had a duty to not detain him based on a non-existent warrant or warrant that was or should have been vacated. Defendants breached that duty by detaining plaintiff nevertheless.

53. Plaintiff was harmed by defendants' tortious conduct.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A. In favor of plaintiff in an amount to be determined by a jury for each of plaintiff's causes of action;

B. Awarding plaintiff punitive damages in an amount to be determined by a jury;

C. Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED: Brooklyn, New York
September 29, 2014

TO: New York City
Corporation Counsel Office
100 Church Street, 4th floor
New York, NY 10007

Yours, etc.,

*[signature]*

Leo Glickman, Esq.
Bar #LG3644
Attorney for Plaintiff
475 Atlantic Ave. 3rd Flr.
Brooklyn, NY 11217
(718) 852-3710
lglickman@stollglickman.com

7